UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Swanson, *et al.*,

                      Plaintiffs,      Case No. 24-11087

v.                                      Judith E. Levy
                                              United States District Judge

Reggie Lamour Lay,

                                            Mag. Judge Elizabeth A. Stafford

                    Defendant.

_____/

## ORDER SUMMARILY REMANDING CASE

On April 24, 2024, Reggie Lamour Lay filed a document initiating this case. (ECF No. 1.) On May 7, 2024, Lay filed an application to proceed without prepaying fees or costs (also referred to as proceeding *in forma pauperis*). (ECF No. 5.)[1] The Court granted Lay's application to proceed without prepaying fees or costs. (ECF No. 6.)

When a party proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a

---

[1] The Court granted Lay's application to proceed without prepaying fees or costs. (ECF No. 6.) However, as set forth below, Lay is the Defendant, not Plaintiff, in this case.

similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Lay states that he "moves this Court to order Removal from 7th Judicial Circuit Court of Genesee County, Flint, Michigan" due to perceived issues with what appears to be his criminal prosecution. (ECF No. 1, PageID.1–3.)[2]

To the extent that Lay intends to remove his criminal prosecution to federal court, Lay's "removal" does not conform with statutory

---

[2] The Court notes that it is not clear whether Lay proceeds in this case as a Defendant or a Petitioner for a writ of habeas corpus. Lay's case caption lists himself first, which suggests he intends to be the Plaintiff or the Petitioner. Lay also refers to himself as a "relator," which is defined as a habeas corpus petitioner. Relator, Black's Law Dictionary (12th ed. 2024). However, the initiating document in this case is titled a "Notice of Removal," which suggests that Lay is a Defendant. (ECF No. 1, PageID.1.) The content of Lay's notice is difficult to understand and does not clarify the posture of his suit. As such, the Court will construe Lay as intending to be a Defendant and will judge his notice of removal as such and not as a petition for a writ of habeas corpus.

requirements. Removal of a criminal prosecution is governed by 28 U.S.C. § 1455. (*See* ECF No. 1, PageID.1 (referencing 28 U.S.C. § 1455 in a long list of statutes).) 28 U.S.C. § 1455(a) states that the notice of removal must "contain[ ] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." The notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Additionally, the notice must "include all grounds for such removal." 28 U.S.C. § 1455(b)(2).

Removal of a criminal prosecution from state court is permitted if the defendant "is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," or if the defendant is prosecuted for an "act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1)–(2).

Lay's notice of removal is deficient on its face. It does not include "a copy of all process, pleadings and orders served upon" him. 28 U.S.C. § 1455(a). In fact, Lay includes no information about his criminal prosecution, such as the case number or the date it was initiated, and it is not clear whether he is being prosecuted in the 7th Judicial Circuit Court or the 67th District Court. Without this information, the Court is unable to discern the basis and validity of the removal. Additionally, the notice of removal is likely untimely; a notice of removal must be filed within 30 days of arraignment, but Lay states that he has been "incarcerated for a total of 5 years due to this unlawful misconduct." (ECF No. 1, PageID.5.)

It is clear on the face of the notice of removal that removal should not be permitted. *See* 28 U.S.C. § 1455(b)(4). For the reasons set forth above, the case is SUMMARILY REMANDED back to the 7th Circuit Court or the 67th District Court.

IT IS SO ORDERED.

Dated: October 7, 2025      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
